|  |  |
|---|---|
| **Hearing Date:** | **August 20, 2025** |
| **Hearing Time:** | **9:00 AM** |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

Vasel Balbona,

                      Debtor.
-----------------------------------------------------------X

Case No. 25-22474-cgm
Chapter 13

## NOTICE OF MOTION FOR AN ORDER UNDER BANKRUPTCY CODE §§362(d)(1) AND 1301 MODIFYING THE AUTOMATIC STAY

**PLEASE TAKE NOTICE** that Allison Lending LLC ("Movant") seeks relief from the automatic stay as to the property located at 280 Croton Avenue, Cortlandt Manor, NY 10567, and will move before the Honorable Cecelia G. Morris, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York located at the Federal Courthouse, 300 Quarropas Street, White Plains, NY 10601 on **August 20, 2025 AT 9:00 AM** (the "Hearing Date") or as soon thereafter as counsel may be heard for an Order:

1. Pursuant to Bankruptcy Rule 4001, 11 U.S.C.§§105(a) and 362(d)(1) granting Movant, its successors and/or assigns, relief from the automatic stay due to the Debtors' failure to make post-petition payments, and/or provide Movant with adequate protection for its security; and

2. Granting relief from Co-Debtor stay as it applies to Croton Development LLC pursuant to Federal Bankruptcy Procedure Rule 4001 and 11 U.S.C § 1301; and

3. Granting Movant such other and further relief as is just and proper under the circumstances of this case.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested shall

be in writing, shall state with particularity the grounds for the objection, shall be filed with the

Clerk of the Bankruptcy Court and served upon the undersigned counsel for the Movant seven (7)

days prior to the Hearing Date.


Dated: Syosset, New York             **Margolin, Weinreb & Nierer, LLP**
       June 30, 2025

            By:      */s/ Andrew Goldberg*
                   Andrew Goldberg, Esq.
                   Attorneys for Movant
                   575 Underhill Boulevard, Suite 224
                   Syosset, New York 11791
                   (516) 921-3838 ext. 326
                   andrew@nyfclaw.com

Debtor:
Vasel Balbona
280 Croton Ave
Cortlandt Manor, NY 10567

Non-Filing Co-Debtor:
Croton Development LLC
1275 Fairhills Drive
Ossining, NY 10562

Attorneys for Debtor:
Paul A. Rachmuth, ESQ.
265 Sunrise Highway
Suite 1515
Rockville Centre, NY 11570

Trustee:
Thomas C. Frost
Chapter 13 Standing Trustee
399 Knollwood Rd
Suite 102
White Plains, NY 10603

<u>US Trustee:</u>
United States Trustee
Office of the United States Trustee - NY
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, NY 10004-1408

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

                                                       Case No. 25-22474-cgm

Vasel Balbona,                                   Chapter 13


                              Debtor.
-------------------------------------------------------X

### AFFIRMATION IN SUPPORT OF MOTION FOR AN ORDER UNDER BANKRUPTCY CODE §§362(d)(1) AND 1301 MODIFYING THE AUTOMATIC STAY

Andrew Goldberg, Esq., the undersigned, an attorney duly admitted to practice before this Court, affirms under penalty of perjury as follows:

1.      I am an attorney with Margolin, Weinreb & Nierer, LLP, attorneys for Allison Lending LLC (hereinafter the "Movant"), and as such am fully familiar with the facts and circumstances of this case.

2.      I make this Affirmation in Support of the Movant's motion for an Order modifying the automatic stay regarding the property located at 280 Croton Avenue, Cortlandt Manor, NY 10567 (the "Property") pursuant to Bankruptcy Code §362(d)(1) for the Debtor's failure to maintain post-petition payments and granting relief from Co-Debtor stay as it applies to Croton Development LLC pursuant to Federal Bankruptcy Procedure Rule 4001 and 11 U.S.C § 1301. A copy of the proposed Order is attached as **Exhibit A.**

### Background

3.      Luz Salinas-Rodriguez and Rafael A. Rodriguez (the "Debtors") executed and delivered or were otherwise obligated with respect to that certain Note and Mortgage dated May 24, 2001 in the original principal amount of $264,000.00 (the "Note and Mortgage"). A copy of the Note and Mortgage are attached hereto as **Exhibit B.**

4.      Movant is the holder of a Note and Mortgage given by Croton Development LLC dated March 28, 2024, in the original principal amount of $250,000,00 (the "Note and Mortgage"). A copy of the Note and Mortgage are attached hereto as **Exhibit B.**

5.      The Note and Mortgage were executed by Vasel Balbona (the "Debtor") as Sole Member of Croton Development LLC.  See **Exhibit B.**

6.      Debtor executed a Guaranty of Payment on March 28, 2024.  A copy of the Guaranty of Payment is attached hereto as **Exhibit B.**

7.      Movant is an entity entitled to enforce the Note.

8.      All obligations (collectively, the "obligations") of the Debtor under and with respect to the Note and the Mortgage are secured by the Property.

9.      Pursuant to the terms of the Note and Mortgage, the loan matured on March 31, 2025.  See **Exhibit B.**

10.     According to the District Worksheet, the Debtor is due for the total debt on the matured loan in the amount of $328,182.70.   A copy of the District Worksheet is attached hereto as **Exhibit C.**

Cause Exists to Terminate the Stay under Bankruptcy Code §362(d)(1)

11.     Bankruptcy Code §362(d)(1) provides, in pertinent part, that the Court shall grant relief from the stay imposed by Section 362(a) "for cause, including lack of adequate protection of an interest in property…"

12.     As noted above, the underlying loan matured on March 31, 2025.  Debtor has failed to provide since the commencement of the present Bankruptcy case to provide Movant with adequate protection for their lien.

13.     The Court should note that as of the date of the filing of this Motion, Debtor has yet to file a Chapter 13 Plan.

14.     In *In re Taylor*, 151 B.R. 646, 648 (E.D.N.Y 1993), the Eastern District of New York held that "[s] debtor's failure to make regular mortgage payments as they become due constitutes sufficient 'cause' to lift the automatic stay." The court in *In re Taylor* further held that once a mortgagee makes a prima facie showing of "cause" permitting lifting of the automatic stay based on the Chapter 13 debtor's failure to make mortgage payments, "it was incumbent upon [the debtor] to establish that the [mortgage's] interest in the property was adequately protected," and if the debtor fails to do so, the mortgage is entitled to relief from the automatic stay. *In re Taylor*, 151 B.R. at 648.

15.     For these reasons, Movant respectfully requests that this Court enter an Order (i) terminating the automatic stay under Bankruptcy Code §362(d)(1).

## Relief from Co-Debtor Stay

16.     This Court should also grant the Movant relief from the Co-Debtor Stay as to the Non-Filing Co-Debtor Croton Development LLC. Section 1301(c)(3) of the Bankruptcy Code provides that, on request of a party-in-interest and after notice and hearing, the Court shall grant relief from the Co-Debtor Stay with respect to a creditor "to the extent that…such creditor's interest would be irreparably harmed by continuation of such stay." If the Court grants the Movant relief from the Automatic Stay but not to the Co-Debtor Stay, then the Movant will still not be permitted to take any and all action under applicable state law to exercise its remedies against the Property. Thus, the continuation of the Co-Debtor Stay would irreparably harm the creditor's interest in the property.

17.     If this Court is inclined to grant the requested relief, the Chapter 13 Trustee's rights to surplus monies, if any, arising from the sale of the property, is preserved.  Movant agrees to immediately provide an account to the trustee of any surplus monies realized from the sale.

18.     Movant respectfully requests that the Proposed Order grant reasonable attorneys' fees in the sum of $1,350.00 plus the $199.00 filing fee for a total of $1,549.00 for preparation and filing of this Motion to be paid out of the proceeds of the foreclosure sale.

**WHEREFORE**, it is respectfully requested that this Court enter an Order terminating or modifying the automatic stay and granting the following:

1.  Relief from the stay pursuant to Bankruptcy Code §362(d)(1) for the Debtors' failure to maintain current post-petition payments;

2.  Granting relief from Co-Debtor stay as it applies to Croton Development LLC pursuant to Federal Bankruptcy Procedure Rule 4001 and 11 U.S.C. §1301; and

3.  For such other relief as the Court deems proper.

Dated: Syosset, New York            **Margolin, Weinreb & Nierer, LLP**
       June 30, 2025

                            By:     /s/ Andrew Goldberg
                                    Andrew Goldberg, Esq.
                                    Attorneys for Movant
                                    575 Underhill Boulevard, Suite 224
                                    Syosset, New York 11791
                                    (516) 921-3838 ext. 326
                                    andrew@nyfclaw.com